IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WEAVER<br>819 North Crestline Street<br>Crestline, Ohio 44827 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| THE TIMKEN COMPANY<br>2325 East Mansfield Street<br>Bucyrus, Ohio 44820 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>The Timken Company<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

Plaintiff, Michael Weaver, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES AND VENUE

1. Weaver is a resident of the city of Crestline, county of Crawford, state of Ohio.

2. The Timken Company ("Timken") is a domestic corporation that operated a business located at 2325 East Mansfield Street, Bucyrus, Ohio 44820.

3. Timken was at all times hereinafter mentioned an employer within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 126 § 12101 *et seq.*

4. Timken was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

## JURISDICTION & VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Weaver is alleging a Federal Law Claim under the ADA.

6. This court has supplemental jurisdiction over Weaver's state law claims because those claims derive from a common nucleus of operative facts.

7. All of the material events alleged in this Complaint occurred in Crawford County.

8. Within 300 days of the conduct alleged below, Weaver filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), against Defendant.

9. On or about +++, the EEOC issued and mailed a Notice of Right to Sue letter to Weaver regarding the Charge of Discrimination brought by Weaver.

10. Weaver received his Right to Sue letter from the EEOC.

11. Weaver has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Weaver has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

13. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

14. Weaver is a former employee of Timken.

15. Weaver began working for Timken on or around February 15, 2021.

16. Timken employed Weaver as Forklift Support.

17. At all times material herein, Weaver was qualified for his position as Forklift Support.

18. On January 10, 2024, Weaver was crouched under industrial racks when a few objects fell from the top of the rack and severely injured his back. ("Workplace Injury")

19. The Workplace Injury is a physical impairment.

20. Weaver has a record of the Workplace Injury.

21. Weaver's Workplace Injury substantially limited his major life activities, including standing, walking, taking care of himself, and working.

22. As a result of suffering from the Workplace Injury, Weaver is disabled.

23. Alternatively, Timken perceived Weaver to be disabled.

24. Despite any real or perceived disability, Weaver was capable of performing his essential job duties with or without reasonable accommodations.

25. Due to Weaver's Workplace Injury, he was told to go see the on-site doctor for a check-up.

26. The on-site doctor confirmed Weaver's Workplace Injury.

27. Because of his Workplace Injury, the on-site doctor gave Weaver muscle relaxers and pain medication.

28. On or around January 17, 2024, after he had been in constant pain for a week, Weaver decided to go to his primary care physician to get another analysis.

29. Weaver's doctor explained to him that his Workplace Injury needed more delicate care and advised him to be placed on light duty.

30. Weaver's doctor also suggested that he file for worker's compensation.

31. Upon Weaver's return to work, he informed Timken that he would need to go on light duty as well as file for worker's compensation.

32. When Weaver informed Timken that he needed light duty, Weaver put Timken on notice of an accommodation request ("Accommodation Request").

33. Weaver's Accommodation Request was reasonable.

34. Weaver's Accommodation Request did not cause undue hardship for Timken.

35. Timken did not determine if Weaver's Accommodation Request would cause undue hardship.

36. Upon information and belief, Timken has no contemporaneously created documents reflecting any effort to determine if Weaver's Accommodation Request would cause undue hardship.

37. After Weaver's Accommodation Request, no one at Timken engaged in an interactive process to find a reasonable accommodation for Weaver's disability.

38. An employer's failure to engage in the interactive process is, itself, "an independent violation of [R.C. § 4112.02 and the ADA] if the plaintiff establishes a prima facie showing that [they] proposed a reasonable accommodation." *Rorrer v. City of Stow,* 743 F.3d 1025 (6th Cir. 2014).

39. Instead of investigating his need for accommodation, Timken simply terminated Weaver's employment.

40. Timken terminated Weaver's employment on February 6, 2024.

41. Timken terminated Weaver's employment just two weeks after he requested an accommodation and communicated his intent to file a workers' compensation claim.

42. Timken terminated Weaver's employment because he is disabled.

43. Alternatively, Timken terminated Weaver's employment because they perceived Weaver to be disabled.

44. Timken terminated Weaver's employment in retaliation for requesting an accommodation.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 126 § 12101 *et seq.*
### (As To Defendant Timken Only)

45. Weaver restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

46. Weaver suffers from the Workplace Injury.

47. Weaver's condition constituted a physical impairment.

4

48. Weaver's condition substantially impaired one or more of his major life activities, including standing, walking, taking care of himself, and working.

49. Weaver is disabled.

50. Alternatively, Timken perceived Weaver as being disabled.

51. Timken treated Weaver differently than other similarly-situated employees based on his disabling condition.

52. Alternatively, Timken treated Weaver differently than other similarly-situated employees based on his perceived disabling condition.

53. On or about February 6, 2024, Timken terminated Weaver's employment without just cause.

54. Timken terminated Weaver's employment based his disability.

55. Alternatively, Timken terminated Weaver's employment based his perceived disability.

56. Timken violated 42 U.S.C. 126 § 12101 *et seq.* when it discharged Weaver based on his disability.

57. Alternatively, Timken violated 42 U.S.C. 126 § 12101 *et seq.* when it discharged Weaver based on his perceived disability.

58. Timken violated 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Weaver based on his disabling condition.

59. Alternatively, Timken violated 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Weaver based on his perceived disabling condition.

60. Weaver suffered emotional distress as a result of Timken's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq.*

61. As a direct and proximate result of Timken's conduct, Weaver suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***
**(As To Defendant Timken Only)**

62. Weaver restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. Weaver suffers from the Workplace Injury.

64. Weaver's condition constituted a physical impairment.

65. Weaver's condition substantially impaired one or more of his major life activities, including standing, walking, taking care of himself, and working.

66. Weaver is disabled.

67. In the alternative, Timken perceived Weaver as being disabled.

68. Timken treated Weaver differently than other similarly-situated employees based on his disabling condition.

69. Alternatively, Timken treated Weaver differently than other similarly-situated employees based on his perceived disabling condition.

70. On or about February 6, 2024, Timken terminated Weaver's employment without just cause.

71. Timken terminated Weaver's employment based his disability.

72. Alternatively, Timken terminated Weaver's employment based his perceived disability.

73. Timken violated R.C. § 4112.01 *et seq.* when it discharged Weaver based on his disability.

74. Alternatively, Timken violated R.C. § 4112.01 *et seq.* when it discharged Weaver based on his perceived disability.

75. Timken violated R.C. § 4112.01 *et seq.* by discriminating against Weaver based on his disabling condition.

76. Alternatively, Timken violated R.C. § 4112.01 *et seq.* by discriminating against Weaver based on his perceived disabling condition.

77. Weaver suffered emotional distress as a result of Timken's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

78. As a direct and proximate result of Timken's conduct, Weaver suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT III: FAILURE TO ACCOMODATE UNDER THE AMERICANS WITH DISABILITY ACT
**(As To Defendant Timken Only)**

79. Weaver restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Weaver informed Timken of his disabling condition.

81. Weaver requested accommodations from Timken to assist with his disabilities, including light duty.

82. Weaver's requested accommodations were reasonable.

83. There was an accommodation available that would have been effective and would have not posed an undue hardship to Timken.

84. Timken failed to engage in the interactive process of determining whether Weaver needed an accommodation.

85. Timken failed to provide an accommodation.

86. Timken violated ADA when it failed to provide Weaver with an accommodation.

87. As a direct and proximate result of Timken's conduct, Weaver suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT IV: FAILURE TO ACCOMODATE UNDER R.C. 4112.01 *et seq*.
**(As To Defendant Timken Only)**

88. Weaver restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

7

89. Weaver informed Timken of his disabling condition.

90. Weaver requested accommodations from Timken to assist with his disabilities, including light duty.

91. Weaver's requested accommodations were reasonable.

92. There was an accommodation available that would have been effective and would have not posed an undue hardship to Timken.

93. Timken failed to engage in the interactive process of determining whether Weaver needed an accommodation.

94. Timken failed to provide an accommodation.

95. Timken violated R.C. § 4112.01 *et seq.* by failing to provide Weaver a reasonable accommodation.

96. Weaver suffered emotional distress as a result of Timken's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

97. As a direct and proximate result of Timken's conduct, Weaver suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT V: RETALIATION IN VIOLATION OF THE ADA

98. Weaver restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

99. As a result of suffering from the Workplace Injury, Weaver requested an accommodation.

100. Requesting an accommodation for a disability is protected activity under the ADA.

101. Timken was aware of Weaver's accommodation request.

102. Subsequent to Weaver's accommodation request, Timken terminated Weaver's employment.

103. Timken terminated Weaver's employment just two weeks after he requested an accommodation.

104. Timken's actions were retaliatory in nature based on Weaver's protected activity.

105. Weaver suffered emotional distress as a result of Timken's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq*.

106. As a direct and proximate result of Timken's actions, he suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Weaver demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Weaver to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Weaver for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Weaver's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive, Suite 200
Independence, OH 44131
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  Taurean.Shattuck@spitzlawfirm.com

*Attorney For Plaintiff*

10

## **JURY DEMAND**

Plaintiff Michael Weaver demands a trial by jury by the maximum number of jurors permitted.

>                               */s/ Taurean J. Shattuck*
>                               Taurean J. Shattuck (0097364)
>                               **SPITZ, THE EMPLOYEE'S LAW FIRM**

11